## SCHMUDDE & SCHULZ v BRUNHOFF MFG CO

Ohio Appeals, 1st Dist, Hamilton Co
No 3520. Decided Dec 30, 1929

Alcorn & Alcorn, Cincinnati, for Schmudde & Schulz.
Jones & Jones, Cincinnati, for Mfg Co.

a cause of action, in that it has alleged no damages for which the plaintiffs would be entitled to compensation. The damages alleged consist of expenditures in anticipation of sales. Manifestly the measure of damages for the breach of the contract involved in the instant case is the loss to the plaintiffs of what they would have netted if the contract had been performed. In other words, loss of profits, the difference between gross receipts and expense. Neither expense nor receipts constitute the measure of damages and it is patent that the contract might well have been fully performed, and still the plaintiffs might have suffered a loss, in which case there could be no damages for a breach of the contract. The items alleged by the plaintiffs as damages in the instant case might well have been alleged by the defendant as diminishing the possibility of profit by the plaintiffs, which they might claim to lose by non-fulfillment of the contract.

We find no error in the record, prejudicial to the plaintiffs in error, and the judgment of the court of common pleas will be, and is, affirmed.

Cushing, PJ, and Hamilton, J, concur.

ROSS, J.

The plaintiffs in error urge many assignments of error. We find no error to the prejudice of the plaintiffs in error in any of these.

The evidence is in sharp conflict on many points. There were a number of issues submitted to the jury, under a full and complete charge. The verdict was a general verdict for the defendant. No request was made upon the trial judge to add to his general charge. Under such circumstances, any extended discussion of the various assignments of error is unnecessary. The verdict was amply sustained by the evidence.

It seems, however, necessary to add that in our opinion the petition does not state